UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LARRY FORD,<br><br>                Plaintiff(s),<br><br>vs.<br><br>CENTRAL MORTGAGE COMPANY, et al.,<br><br>                Defendant(s). | Case No. 2:14-cv-00140-JAD-NJK<br><br>ORDER SANCTIONING ATTORNEY<br>MICHAEL HARKER |

       Attorneys are required to follow Court orders. Rule 16(f)[1] requires counsel to comply with pretrial orders and provides that the Court may order any "just" sanctions for non-compliance.[2] Whether counsel disobeyed a court order intentionally is impertinent. *See, e.g., Lucas Auto. Eng'g, Inc. v. Bridgestone/Firestone, Inc.*, 275 F.3d 762, 769 (9th Cir. 2001). Rule 16(f) "was designed not only to insure expeditious and sound management of the preparation of cases for trial but to deter conduct that unnecessarily consumes the Court's time and resources that could have been more productively utilized by litigants willing to follow the Court's procedures." *Martin Family Trust v. Heco/Nostalgia Enters. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999) (quoting *Mulkey v. Meridian Oil, Inc.*, 143 F.R.D. 257, 262 (W.D. Okla. 1992)).

---

    [1] Unless otherwise specified, references to "Rules" refer to the Federal Rules of Civil Procedure.

    [2] This Court's Local Rules similarly provide the Court with authority to impose "any and all appropriate sanctions on an attorney . . . who, without just cause . . . [f]ails to comply with any order of this Court." Local Rule IA 4-1.

Pending before the Court is the order for Michael Harker to show cause why he should not be sanctioned for violating a Court order. *See* Docket No. 25. In particular, on April 4, 2014, the Court ordered attorney Michael Harker to certify that he read and understands Local Rules 26-1 and 26-4. Docket No. 21. Such certification was required to be filed no later than April 11, 2014. *Id.* Mr. Harker disobeyed that order.

Consequently, the Court issued an order requiring Mr. Harker, no later than April 30, 2014, (1) to show cause in writing why he should not be sanctioned failing to comply with the Court's order and (2) to submit the required certification. Docket No. 25. While Mr. Harker filed a certification on April 24, 2014, *see* Docket No. 26, he failed to timely file a response to the order to show cause. Instead, on May 1, 2014, Mr. Harker filed a response indicating that sanctions should not be imposed because he inadvertently failed to comply with the order at Docket No. 21. *See* Docket No. 27. The Court takes Mr. Harker at his word that he was not intentionally flouting the Court's order, but that does not render sanctions under Rule 16(f) improper. *See Lucas Auto.*, 275 F.3d at 769; *see also Martin Family Trust*, 186 F.R.D. at 604 (collecting cases). As Mr. Harker acknowledges, there is simply no "good excuse" for his disobedience of a clear Court order. *See* Docket No. 27 at 2. Moreover, Mr. Harker's failure to timely file a response to the order to show cause itself highlights the need for monetary sanctions to deter future violations.

Accordingly, the Court hereby **SANCTIONS** Michael Harker in a Court fine of $50 for his failure to comply with the Court's order at Docket No. 21 pursuant to Rule 16(f). This fine is personal to Mr. Harker and shall be paid to the "Clerk, U.S. District Court" no later than May 16, 2014. Mr. Harker shall also deliver to the chambers of the undersigned proof of payment, no later than May 16, 2014.

IT IS SO ORDERED.

DATED: May 2, 2014

_____
NANCY J. KOPPE
United States Magistrate Judge